**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

David G. Johnson, II,                                                  Case No. 3:19CV2088

          Plaintiff

          v.                                                                     **ORDER**

Judge Joseph Howe, et al.,

          Defendants

This case is about a judgment entered in July 2019 in a case filed in Toledo Municipal Court concerning a land contract, Case No. 18-19416 ("State Court Case"). Plaintiff sues Judge Joseph Howe, who presided over the State Court Case, Attorney Thomas Yoder, who represented the plaintiffs in the State Court Case, and the City of Toledo. (Doc. 1).

Plaintiff filed a motion to proceed with this case *in forma pauperis* (Doc. 2), and I grant that motion. But for the reasons that follow, I dismiss this action.

### I. Background

Douglas Davis and Ireen Ali-Davis (collectively, "Davis") entered into a land installment contract ("Contract") with David Johnson (the Plaintiff in this action) concerning property located at 16 E. Sylvania Ave, Toledo, Ohio (the "Property"). Represented by Thomas Yoder, Davis filed

the State Court Case alleging that David Johnson failed to make the payments required by the Contract. Although David Johnson is named in the body of the complaint in the State Court Case, and in the Contract attached thereto, the name of the defendant appearing in the caption of the State Court Case is "Douglas Johnson," not David Johnson. Plaintiff attaches the complaint and docket in the State Court Case to the Complaint in this action.[1] (Doc. 1-10 and 1-11).

In this action, Plaintiff alleges that he was never served, nor was a party, in the State Court Case. But Plaintiff also alleges here that he was served with the judgment entered against him in the State Court Case. (Doc. 1 at 4). That judgment (Doc. 1-12) identifies David Johnson as the defendant in the State Court Case caption and states in the body of the entry that David Johnson breached the Contract for the Property. Also attached to the Complaint in this action is an emergency motion (Doc. 1-1) filed by David Johnson in the State Court Case to vacate the judgment entered against him. In that motion, David Johnson argued that Davis' lawyer, Thomas Yoder, perpetrated a fraud in the State Court Case by naming "Douglas Johnson," rather than David Johnson, as the defendant and, as a result, Judge Howe lacked jurisdiction over the State Court Case.[2]

In October 2019, Judge Howe adopted the original judgment entered in July 2019 and granted Davis immediate possession of the Property. In the October judgment, Judge Howe noted

---

[1] Documents attached to and referred to in the Complaint become part of the pleadings. Fed. R. Civ. P. 10(c).

[2] In addition to the emergency motion, the State Court Case docket indicates that on August 7, 2019, David Johnson filed an objection to the mediation referral in the State Court Case and demanded a hearing on his motion to vacate the judgment entry, again arguing that the entry was obtained by fraud and the judge in the State Court Case lacked subject matter jurisdiction. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.") (citation omitted). The docket for the State Court Case may be found on the public website of the Toledo Municipal Court at https://www.tmc-clerk.com/caseinformation.

that David Johnson's objection to mediation was denied yet he failed to appear at the mediation or respond to documents filed by Davis.

In the instant action, Plaintiff alleges that defendant Yoder conspired with or tricked Judge Howe into acting without jurisdiction over Plaintiff and the Property. (Doc. 1 at 4). For relief, Plaintiff asks that I vacate the judgment entered in the State Court Case, restore the Property to his name, award compensatory damages in the amount of $75,000.00 and punitive damages in the amount of $350,000.00. (*Id*. at 5).

## II. Standard of Review

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He alleges that Defendants deprived him of the Property without due process of law in violation of the Fifth Amendment to the United States Constitution. Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

## III. Analysis

### A. The *Rooker-Feldman* Doctrine

Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l*,

3

*Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The *Rooker-Feldman* doctrine holds that "a federal district court lacks subject matter jurisdiction to review a state court decision." *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 241 F. App'x 285, 287 (6th Cir. 2007). The doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Whether the doctrine applies depends on "the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Id*. Here, Plaintiff identifies the judgment in the State Court Case as the source of his injury and, for relief, asks that I vacate the state court judgment.

There is a twist to application of the *Rooker-Feldman* doctrine that must be considered here. The *Rooker-Feldman* doctrine "does not apply to bar a suit in federal court brought by a party who was not a party in the preceding state court action or against whom there is no state court judgment." *Aey v. Mahoning Cty. Bd. of Elections*, No. 4:08 CV 405, 2008 WL 554700, at *3 (N.D. Ohio Feb. 26, 2008) (citing *Johnson v. DeGandy,* 512 U.S. 997, 1006 (1994); *United States v. Muskegon,* 298 F.3d 569, 579 (6th Cir. 2002); *Gottfried v. Med. Planning Servs., Inc.,* 142 F.3d 326, 330 (6th Cir. 1998)). Plaintiff argues here, as he did before Judge Howe, that he was not properly named as a defendant in the State Court Case and the judgment against him was procured by fraud. But Judge Howe rejected those arguments and entered a judgment which

4

identified David Johnson as the defendant against whom the judgment was entered. (*See* Doc. 1-12). Moreover, Plaintiff's claims in this action are inextricably intertwined with the judgment against him in the State Court Case, which he directly attacks in this action. *See Moncier v. Jones*, 803 F. Supp. 2d 815, 832 (E.D. Tenn. 2011) ("The Supreme Court has ruled that the *Rooker–Feldman* doctrine does not apply where the plaintiff was not a party to the state-court proceeding with which his current federal claims are inextricably intertwined unless the party directly attacks the judgment.") (citing *Johnson,* 512 U.S. at 1005-06).

Applying all the considerations of the *Rooker-Feldman* doctrine to the circumstances of this case, I find that the doctrine is properly applied to Plaintiff's claims in the instant action. Plaintiff is, therefore, barred from "seeking what in substance would be appellate review of the state judgment in a United States district court" based on his claim that the state court judgment violates his federal rights. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002) (citing *Johnson,* 512 U.S. at 1005-06). "Federal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257." *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005). Because I lack subject matter jurisdiction over this case, I dismiss this action pursuant to Rule 12(h)(3).

**B. Section 1983 Claims are Dismissed**

Even if the *Rooker-Feldman* doctrine did not apply to this case, Plaintiff's § 1983 claims would nevertheless be dismissed pursuant to § 1915(e)(2). To state a claim under § 1983, Plaintiff must allege the deprivation of a right secured by the United States Constitution or federal statute by a person acting "under color of state law." *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-57 (1978); *Spadafore v. Gardner,* 330 F.3d 849, 852 (6th Cir. 2003).

Defendant Thomas Yoder represented the plaintiffs in the State Court Case. There are no allegations in the Complaint in this action that Yoder was anything but Davis' private attorney and, therefore, cannot fairly be said to be a state actor. *See Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983.") (citing *Polk County v. Dodson,* 454 U.S. 312, 318 (1981)). Accordingly, Plaintiff fails to state a plausible § 1983 claim against Thomas Yoder and, to the extent this action is not barred by the *Rooker-Feldman* doctrine, defendant Yoder is dismissed from this action pursuant to § 1915(e)(2).

With respect to the City of Toledo, a local government entity is liable under § 1983 only when its official policy or custom causes the deprivation of an individual's constitutional rights. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 692-94 (1978). The City of Toledo cannot be held liable under the theory of *respondeat superior* for a constitutional violation caused by its employees or agents. *Id*. at 694. Therefore, to allege a plausible § 1983 claim against the City of Toledo, Plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987)). Plaintiff makes no allegations in the Complaint regarding any custom or policy of the City of Toledo which caused the claimed constitutional violation. Accordingly, to the extent this action is not barred by the *Rooker-Feldman* doctrine, Plaintiff fails to allege a plausible § 1983 claim against the City of Toledo, and the City is dismissed from this action pursuant to § 1915(e)(2).

Finally, Plaintiff sues Judge Howe in his official capacity. (Doc. 1 at 2). A suit against Judge Howe in his official capacity is a suit against the Toledo Municipal Court. The Toledo

Municipal Court is not a "person" within the meaning of § 1983 but an arm of the State of Ohio and, therefore, immune from suit pursuant to the Eleventh Amendment. *See Ferguson v. Adkins*, No. C2-01-195, 2002 WL 484704, at *3 (S.D. Ohio Mar. 4, 2002) (Circleville Municipal Court, as an arm of the State of Ohio, is shielded from suit by the Eleventh Amendment) (citing *Foster v. Walsh,* 864 F.2d 416, 418 (6th Cir. 1988); *Mumford v. Basinski,* 105 F.3d 264, 267-68 (6th Cir. 1997) (state court judges sued under § 1983 in their official capacities are immune from suit pursuant to the Eleventh Amendment)).

To the extent Plaintiff sues Judge Howe in his individual capacity, judges enjoy absolute immunity "from suits arising out of the performance of their judicial functions" even if it is alleged that a judge acted corruptly or with malice. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). "Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction." *Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Plaintiff's Complaint implicates neither exception. His allegations pertain to actions taken by Judge Howe in his judicial capacity in a matter properly before him and within the scope of the subject matter jurisdiction of the municipal court.

Accordingly, to the extent this action is not barred by the *Rooker-Feldman* doctrine, Judge Howe is immune from suit and dismissed from this action pursuant to § 1915(e)(2).

### IV. Conclusion

It is, therefore,

ORDERED THAT:

(1) This action (Doc. 1) be, and the same hereby is, dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2);

(2) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, granted; and

(3) I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision would not be in good faith and shall not be allowed without payment of the filing fee.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge